**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| IRIS CONNEX, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DELL INC.,<br><br>　　　　　　　　　Defendant. | Case No. 2:15-cv-01915-JRG |

### DELL'S MOTION TO FIND THE CASE EXCEPTIONAL AND AWARD FEES

## TABLE OF CONTENTS

I.    Introduction ................................................................................................. 1

II.   Background ................................................................................................... 2

      A.   Plaintiff Falsely Alleged Residence in this District ................................ 2

      B.   Plaintiff Falsely Accused Dell's Tablet Products of Infringement ........................ 3

      C.   Dell Notified Plaintiff Regarding its Baseless Allegations .................................... 4

      D.   Plaintiff's Low Settlement Demand ......................................................... 4

      E.   Plaintiff's Infringement Contentions ....................................................... 4

      F.   Dell's *Ex Parte* Reexamination Petition of the '950 Patent ................................... 5

      G.   Summary Judgment in Favor of Dell ....................................................... 6

III.  Legal Standards ............................................................................................. 6

      A.   Exceptional Case ..................................................................................... 6

      B.   Sanctions Pursuant to 28 U.S.C. § 1927 ................................................. 8

      C.   Inherent Authority ................................................................................... 9

IV.   Argument ...................................................................................................... 9

      A.   This Case is Exceptional and Fees Are Appropriate ............................................ 9

           1.   Plaintiff's Venue Arguments Were Demonstrably False ............................. 9

           2.   Plaintiff's Claim Construction Positions Were Unsupportable ................. 9

           3.   Plaintiff's Infringement Position Was Not Plausible ............................... 12

           4.   Plaintiff's Settlement-Driven Litigation ................................................. 13

           5.   Awarding Dell its Attorneys' Fees is Appropriate Under Section 285 .... 14

      B.   Sanctions Are Appropriate Under 28 U.S.C. § 1927 and this Court's Inherent
           Authority ................................................................................................. 14

V.    Conclusion .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc',*
  421 U.S. 240 (1975)...................................................................................................9

*Antonious v. Spalding & Evenflo Cos., Inc.,*
  275 F.3d 1066 (Fed. Cir. 2002)....................................................................................9

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,*
  393 F.3d 1378 (Fed. Cir. 2005).....................................................................................7

*Cambridge Toxicology Group, Inc. v. Exnicios,*
  495 F.3d 169 (5th Cir. 2007) ......................................................................................14

*Cohesive Techs., Inc. v. Waters Corp.,*
  543 F.3d 1351 (Fed. Cir. 2008)...................................................................................10

*Cybor Corp. v. FAS Techs., Inc.,*
  138 F.3d 1448 (Fed. Cir. 1998).....................................................................................8

*Edekka LLC v. 3balls.com, Inc.,*
  2015 WL 9225038 (E.D. Tex. Dec. 17, 2015).......................................................7, 9, 13

*Eon-Net v. Flagstar Bancorp,*
  653 F.3d 1314 (Fed. Cir. 2011)..............................................................................7, 8, 13

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,*
  344 F.3d 1359 (Fed. Cir. 2003)...................................................................................12

*Fogerty v. Fantasy, Inc.,*
  510 U.S. 517 (1994).....................................................................................................7

*Howlink Global LLC v. Centris Inf. Serv., LLC,*
  2015 WL 216773 (E.D. Tex. Jan. 8, 2015)..................................................................14

*MarcTec, LLC v. Johnson & Johnson,*
  664 F.3d 907 (Fed. Cir. 2012).......................................................................................8

*Netword, LLC v. Centraal Corp.,*
  242 F.3d 1347 (Fed. Cir. 2001)...................................................................................11

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
  134 S. Ct. 1749 (2014).........................................................................................2, 7, 8

*Procter & Gamble Co. v. Amway Corp.*,
   280 F.3d 519 (5th Cir.2002) ...................................................................8

*Raniere v. Microsoft Corp.*,
   No. 3:15-cv-0540-M, Op. ....................................................................7, 8

*Raylon, LLC v. Complus Data Innovations, Inc.*,
   700 F.3d 1361 (Fed. Cir. 2012)...........................................................12

*Scarlott v. Nissan North America, Inc.*,
   771 F.3d 883 (5th Cir. 2014) ..................................................................8

*In re Sealed Appellant*,
   194 F.3d 666 (5th Cir. 1999) ................................................................15

*SFA Sys., LLC v. 1-800-Flowers.com, Inc.*,
   2014 WL 10919514 (E.D. Tex. 2014) ....................................................8

*SFA Sys., LLC v. Newegg, Inc.*,
   793 F.3d 1344 (Fed. Cir. 2015)........................................................7, 13

*In re Skyport Global Comm., Inc.*,
   642 Fed. App'x 301 (5th Cir. 2016) ........................................................9

*Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*,
   753 F.3d 1291 (Fed. Cir. 2014)............................................................10

*Stragent, LLC v. Intel Corp.*,
   No. 6:11-cv-421, 2014 WL 6756304 (E.D. Tex. Aug. 6, 2014).............7

*Verifire Networks Solutions, LLC v. ADTRAN, Inc., et al.*,
   No. 2:150-cv-927-JRG-RSP (E.D. Tex.) ................................................3

*Vitronics Corp. v. Conceptronic, Inc.*,
   90 F.3d 1576 (Fed. Cir. 1996)..............................................................11

I.    **INTRODUCTION**

Defendant Dell Inc. hereby moves pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and this Court's inherent authority for an Order finding this case exceptional, awarding Dell its attorneys' fees, and sanctioning Plaintiff Iris Connex, LLC and its counsel of record.

The exceptional nature of this case is demonstrated by a pattern of litigation abuses engaged in by Plaintiff and its counsel. These abuses included infringement theories that depended on claim construction theories that contravened settled precedent, demonstrably false Complaint allegations, no pre-filing investigation, and a litigation strategy designed to exploit high defense costs as a means of extracting nuisance value settlements.

In its Complaint, for example, Plaintiff made at least two demonstrably false allegations. First, Plaintiff alleged that certain Dell tablet products infringed Plaintiff's patents when Plaintiff and its counsel knew, or should have known, that this allegation was objectively false, and relied on claim construction positions that violated fundamental tenets of claim construction.  To even a casual observer, it was obvious the accused Dell tablets simply did not have a camera with a "multi-position and multi-function reading head" for capturing data and/or images, as required by the Asserted Patent.  Second, Plaintiff falsely alleged that it was a resident of the Eastern District of Texas.  Though the Court need not revisit the venue issue, Plaintiff and its counsel should be held accountable for making false allegations.

Early in this case, Dell's attorneys notified Plaintiff and its counsel by letter dated January 20, 2016, of the falsity of these allegations and urged them to withdraw the Complaint. [*See* Ex. 1.]  Dell pointed out that the Dell accused tablets simply do not have a camera with the essential claim elements of the Asserted Patent.  Plaintiff, however, failed to provide any plausible infringement theory and vexatiously refused to withdraw the Complaint.

A little more than seven months later, this Court entered judgment for Dell on the same grounds that Dell cited in its warning letters to Plaintiff's counsel in January and April, 2016. (Opinion & Order [Dkt. No. 246].)  The Court found that Plaintiff's Complaint allegations were unsustainable as a matter of law and dismissed Plaintiff's Complaint with prejudice.

Under these circumstances, Plaintiff's case against Dell "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case). . . . "  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  A finding that this case is exceptional under 35 U.S.C. § 285 is warranted.  Also warranted is a finding that Plaintiff's lawyers are liable for Dell's fees and expenses under 28 U.S.C. § 1927 and the Court's inherent authority for their vexatious conduct.

## II.   BACKGROUND

### A.   PLAINTIFF FALSELY ALLEGED RESIDENCE IN THIS DISTRICT

Plaintiff's Complaint alleges "Iris Connex, LLC [], is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler Street, Suite 600-A, Longview, Texas 75601."  (Compl. ¶ 3.)  A physical inspection of Iris Connex's purported office, however, revealed that Iris Connex is not there, and never has been there. (Decl. of Michael Collins ("Collins Decl.") ¶¶ 6-8 [Dkt. No. 17-2 (15-cv-1915)] Ex. 2.)

Similarly absent from this address is Plaintiff's Managing Member, Nicolas Labbit.  (*See* Pesce Decl. ¶ 3 [Dkt. No. 17-3 (15-cv-1915)] Ex. 3; Collins Decl. ¶¶ 6-8.)  Mr. Labbit is the only person identified or associated with Iris Connex, LLC.  (Pesce Decl. ¶¶ 3, 10.)  Mr. Labbit is a serial patent litigant in the Eastern District of Texas who has served as a manager or in some other capacity for more than 10 other non-practicing entities that have filed patent infringement actions in this District.  Several of Mr. Labbit's businesses claim to share the office at 211 East Tyler Street, Suite 600-A.  (Pesce Decl. ¶¶ 9, 12, 15, 18.)  Most of Mr. Labbit's businesses have

initiated patent litigation in this District against dozens of defendants, and are responsible for more than 100 individual complaints for patent infringement filed in this District.  Many of those complaints were signed by the Tadlock Firm, Plaintiff Iris Connex's counsel in this case.  (Pesce Decl. ¶¶ 10-19.)[1]

Unable to locate either Iris Connex or Mr. Labbit in this District, Dell moved to transfer this case pursuant to 28 U.S.C. § 1404(a).  [Dkt. No. 17 (15-cv-1915)].)  Plaintiff failed to timely respond to Dell's motion to transfer venue but was saved, at least temporarily, when this Court stayed all pending motions until the issuance of a *Markman* ruling.  [Dkt. No. 176.]  To date, Plaintiff has not accounted for its false allegation that it had an office in this District.

### B.  PLAINTIFF FALSELY ACCUSED DELL'S TABLET PRODUCTS OF INFRINGEMENT

Plaintiff alleged that certain Dell computer tablets "infringed the claims of U.S. Patent No. 6,177,950.  (Compl. ¶ 13.)  The '950 Patent discloses "a personal communication device" (Abstract) that can capture data and/or images.  The claims asserted against Dell require "an internal multi-position and multi-function reading head for producing an image signal when in a first position using a first lensing and for reading for image conversion using a second lensing in a second position."  ('950 Patent, 15:63-65.)

The Dell products accused in Plaintiff's Complaint, meanwhile, are computer tablets that have a front-facing fixed camera and a rear-facing fixed camera.  (*See*, *e.g.*, Quintero Decl. [Dkt. No. 234-12] attached as Ex. 4.)  As is evident from even a cursory inspection of the Accused Products, the fixed cameras of the Accused Products are not a "multi-position . . . reading head"

---

[1] Mr. Labbit previously sued Dell for patent infringement through his company Verifire Network Solutions, LLC, in June 2015.  *See Verifire Networks Solutions, LLC v. ADTRAN, Inc., et al.*, No. 2:150-cv-927-JRG-RSP (E.D. Tex.).  The Tadlock Firm represented plaintiff Verifire, and filed at least 60 additional complaints before this Court.  (Pesce Decl. ¶ 13 [Ex. 3].).  All complaints were dismissed with prejudice a few months after filing.  Dell paid no money or other consideration to Verifire.

within the meaning of the '950 Patent.  There is no camera that is physically moveable within the device.  Neither the front-facing camera nor the rear-facing camera is capable of movement or rotation.  (*E.g., id.* at ¶ 3.)

### C.   DELL NOTIFIED PLAINTIFF REGARDING ITS BASELESS ALLEGATIONS

Early on, Dell sent a letter to Plaintiff regarding the obvious lack of merit in Plaintiff's infringement allegations.  (*See* 2016-01-20 K. Anderson Ltr. [Ex. 1].)  Dell noted in its letter that "it has become clear that Plaintiff Iris Connex, LLC did not have a reasonable basis for alleging that the accused Dell tablets infringe the claims of the '950 Patent."  (*Id.*)  In the same letter, Dell also explained that "the '950 Patent was invalid in view of the prior art."  (*Id.* at 2-4.)  Dell provided detailed claim charts showing the presence of each element of the '950 Patent claims present in the prior art.  (*Id.*)

### D.   PLAINTIFF'S LOW SETTLEMENT DEMAND

Plaintiff did not respond to Dell's January 2016 letter.  Instead, Plaintiff sent Dell a "settlement package," which included a draft settlement agreement and a "Preliminary Claim Chart" which purported to show how Dell's accused tablet products infringed the '950 Patent. (*See* Decl. of A. Pesce ("Pesce Decl.") ¶¶ 3-4, filed concurrently with this Motion.)  Plaintiff's preliminary claim chart did not, in the slightest, demonstrate infringement.  Plaintiff's real purpose in writing Dell was to offer a nuisance settlement, in an amount less than a couple months of Dell's defense costs.  (*Id.* ¶ 3.)  Dell did not acquiesce.

### E.   PLAINTIFF'S INFRINGEMENT CONTENTIONS

Plaintiff served Dell with infringement contentions pursuant to Local Patent Rule 3-1 on April 15, 2016.  (Pl.'s LPR 3-1 Contentions [Ex. 6].)  Not surprisingly, the infringement theory Plaintiff refused to abandon relied on an unsustainable claim construction far removed from any invention claimed in the '950 Patent.  Plaintiff's theory was that the two fixed cameras of the

Accused Products, together, were a "multi-position" reading head because a user could

supposedly toggle back and forth between the two fixed cameras:

> The user of the Accused Products can toggle between these two lensings and positions (*i.e.*, **the reading head is 'multi-position'**) – that is, the user can direct whether he or she is using the first lensing and position or the second lensing and position.

(*Id.* [Ex. 6] at 7 (emphasis added).)

Dell responded to Plaintiff's infringement contentions in an April 21, 2016 letter

explaining that Dell believed that Plaintiff's counsel had failed to satisfy their obligations under

Rule 11 before filing such meritless claims.  (*See* 2016-04-21 K. Anderson Ltr. [Ex. 7].)  Dell

went on to explain the legal and factual bases for challenging Plaintiff's purported claim

construction.  (*Id.*)  Plaintiff did not respond to Dell's letter.

### F.   DELL'S *EX PARTE* REEXAMINATION PETITION OF THE '950 PATENT

Hearing nothing from Plaintiff, Dell made a final request that Plaintiff voluntarily dismiss

its Complaint against Dell with prejudice.  (*See* 2016-05-18 K. Anderson Email [Ex. 8].)  Dell

attached to this communication a copy of an *ex parte* reexamination petition Dell intended to file

with the USPTO, should Plaintiff refuse to dismiss its case.  (*Id.*)  Plaintiff responded on May 23

only that it "did not believe that the petition will be successful."  (2016-05-23 C. Tadlock Email

[Ex. 9].)

Dell filed a petition for *ex parte* reexamination of the '950 Patent on May 24, 2016.  [*See*

Ex. 10.]  On June 17, 2016, the USPTO granted the *ex parte* petition, finding that there were

substantial new questions of patentability as to all of the claims of the '950 Patent asserted

against Dell.  The USPTO cited 12 prior art references as raising substantial new questions of

patentability.  (Decision Granting *Ex Parte* Reexam [Ex. 11] at 4.)

### G.   SUMMARY JUDGMENT IN FAVOR OF DELL

Because Dell's communications with Plaintiff  fell on deaf ears, Dell moved to dismiss

the Complaint pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 12(b)(3).  [Dkt. No. 13 (15-cv-

1915).]  Dell argued that Plaintiff's allegation that the accused Dell tablets infringed the '950

Patent was implausible on its face.  (*Id.*)  The other defendants consolidated in this action then

filed similar motions.  After reviewing the various defense motions, the Court *sua sponte* entered

an Order setting an early, targeted claim construction hearing for July 20, 2016.  [Dkt. No. 176.]

At the hearing, the Court converted Dell's motion to dismiss into a motion for summary

judgment under Rule 56, pursuant to Rule 12(d) of the Federal Rules.  [Dkt. No. 231.]

On September 2, 2016, the Court entered its Memorandum Opinion and Order construing

the phrase "an internal multi-position and multi-function reading head" to mean "a single

internal multi-function reading head that is physically moveable."  (Opinion & Order [Dkt. No.

246] at 9.)  The Court subsequently found that "a finding of no literal infringement follows

directly from the claim construction analysis."  (*Id.* at 39.)  The Court also held that there was no

infringement under the doctrine of equivalents, and that the doctrine was unavailable as a matter

of law because "no reasonable juror could find the accused camera system . . . as equivalent to

the single multi-positional camera recited in the claims."  (*Id.* at 44.)  The Court granted

summary judgment of non-infringement as to Dell, and dismissed Plaintiff's claims with

prejudice.  (*Id.*)

## III.   LEGAL STANDARDS

### A.   EXCEPTIONAL CASE

Section 285 of the Patent Act allows the court to award attorneys' fees to the prevailing

party in "exceptional cases."  35 U.S.C. § 285.  The Supreme Court has held that a case is

exceptional when it "stands out from others with respect to the substantive strength of a party's

litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

"When engaging in an exceptional case determination, a court may consider a non-exclusive list of factors, including: 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Raniere v. Microsoft Corp.*, No. 3:15-cv-0540-M, Op. & Order at 3 (E.D. Tex. Sep. 2, 2016) (Lynn, J.) (quoting *Octane*, 134 S. Ct. at 1756 n.6) [attached as Ex. 12][2]; ; *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1349 (Fed. Cir. 2015) ("[U]nder *Octane Fitness*, the district court must consider whether the case was litigated in an unreasonable manner as part of its exceptional case determination.").

One of the circumstances leading to an exceptional case finding is when a plaintiff acts "with the goal of exploiting the high cost to defend complex litigation to extract nuisance value settlement[s] from defendants." *Edekka LLC v. 3balls.com, Inc.*, 2015 WL 9225038, at *3 (E.D. Tex. Dec. 17, 2015) (quotation and citation omitted). "[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *Eon-Net v. Flagstar Bancorp*, 653 F.3d 1314, 1350 (Fed. Cir. 2011). "[T]he appetite for licensing revenue cannot overpower a litigant's and

---

[2] *See also Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J., sitting by designation) (discussing similar factors in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381–82 (Fed. Cir. 2005)).

its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith." *Id.* at 1328.

"After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (citations omitted); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). The prevailing party need only show entitlement to attorneys' fees by a preponderance of the evidence. *Octane*, 134 S. Ct. at 1758. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757; *see Raniere*, Op. & Order at 3 (same).

## B.   SANCTIONS PURSUANT TO 28 U.S.C. § 1927

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions may be imposed upon a party's counsel based upon a showing that litigation was brought or maintained in bad faith. Sanctions under Section 1927 require "clear and convincing evidence that *every facet* of the litigation was patently meritless" and "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525–26 (5th Cir.2002) (emphasis in original); *SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, 2014 WL 10919514, at *1–2 (E.D. Tex. 2014) (same). Although the Court will "generally focus on the conduct of the litigation," *SFA Sys.*, 2014 WL 10919514, at *2, "[b]y its very nature, section 1927 involves assessing the merits of the claim[.]" *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 893 (5th Cir. 2014).

### C.     INHERENT AUTHORITY

Courts have inherent power to sanction a party that "has engaged in bad faith conduct and can invoke that power to award attorneys' fees."  *In re Skyport Global Comm., Inc.*, 642 Fed. App'x 301, 303 (5th Cir. 2016).  When exercising this authority, courts may take into account "a number of factors, including: when a party acted in bad faith, vexatiously, wantonly, for oppressive reasons."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'*, 421 U.S. 240, 258–59 (1975).

## IV.     ARGUMENT

### A.     THIS CASE IS EXCEPTIONAL AND FEES ARE APPROPRIATE

#### 1.     Plaintiff's Venue Arguments Were Demonstrably False

From the outset, Plaintiff lacked a factual basis for nearly every facet of its Complaint, including that venue was proper in this District.  Plaintiff alleged that it maintained its principal place of business in Longview (Compl. ¶ 3), but that allegation was false.  No evidence of Iris Connex, or its manager Mr. Labbit, could be found and the purported office suite 600-A could not be located.  (Collins Decl. ¶¶ 6-8.)  Plaintiff's and Mr. Labbit's willingness to file lawsuits in this District without so much as a verifiable business address demonstrates that Plaintiff's behavior "stands out from others" and warrants sanctions.

#### 2.     Plaintiff's Claim Construction Positions Were Unsupportable

The frivolousness of Plaintiff's claim construction positions should lead this Court "to question whether [Plaintiff] engaged in a reasonable and thorough pre-suit investigation regarding" claim construction and the "relevant authority before filing a significant number of lawsuits."  *eDekka*, 2015 WL 9225038 at *4 ("[Plaintiff] repeatedly offered insupportable arguments on behalf of an obviously weak patent.").  *See also, Antonious v. Spalding & Evenflo*

*Cos., Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) ("[A]n attorney [must] interpret the pertinent

claims of the patent in issue before filing a complaint alleging patent infringement.").

　　As is evident from Plaintiff's LPR 3-1 Infringement Contentions and its claim

construction briefing, Plaintiff had no plausible claim construction that supported its

infringement theory.  Instead of following accepted rules of claim construction, Plaintiff added

absurd qualifiers to the claim language, as set forth below:

| Asserted Claim | Claim Term | Iris Connex's Preliminary Proposed Construction | Evidence |
|---|---|---|---|
| 1 | "an internal multi-position and multi-function reading head" | "an internal multi-position and multi-function reading head, wherein such reading head may comprise one or more cameras, and wherein "camera" should be read within the context of 'an internal multi-position and multi-function camera' and otherwise has its plain and ordinary meaning within the context in which it is used, and which is not limited to merely the lens(es) nor to merely the lens(es) and image sensor." | (See below) |

[Dkt. No. 208-1] at 2.  Plaintiff's approach to claim construction contravened well-established

law that "an 'analysis' that adds words to the claim language without support in the intrinsic

evidence in order to support a claim of infringement does not follow standard canons of claim

construction."  *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291, 1299 (Fed. Cir.

2014).  Plaintiff's approach was "a practice this court has repeatedly rejected."  *Id.*

　　Plaintiff's misconduct continued with its claim construction briefing.  It is fundamental

that "[a] 'claim is construed in the light of the claim language . . . **not in the light of the accused**

**device**.'"  *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1367 (Fed. Cir. 2008)

(emphasis added).  In contravention to this fundamental tenet, Plaintiff devoted the first half of

its brief to argument that can only be described as attempting to construe claims in light of the

accused device.  [Dkt. No. 217.][3]  Not surprisingly, this Court rejected Plaintiff's argument

---

[3] Plaintiff also devoted large portions of its brief to construing  the word "camera" – even though
the word "camera" is not found in Claim 1 of the '950 Patent.  *See* Pl.'s Br. at 10 ("the word

outright, finding that "Plaintiff's proposal is contrary to the intrinsic evidence and is directed at construing the claim *so that it reads on the accused device*."  (Opinion at 27-28) (emphasis added).

The remainder of Plaintiff's brief concluded with wholly-irrelevant extrinsic evidence that the Court found "is not consistent with the intrinsic evidence, and therefore should not be relied upon." (Opinion at 29.)  To make matters worse, Plaintiff falsely accused Dell's counsel of trying to mislead the Court.  *See, e.g.*, Pl.'s Br. at 21 ("the concerns are (a) that the defendants will try to mislead the Court into isolating or segmenting 'reading head'/'camera' from the rest of the claim language."); *id*. at 6 ("[t]he defendants are going to try to convolute and confuse this straightforward infringement read.").

Plaintiff also disregarded the most fundamental rule of claim construction, which is that the specification of the '950 Patent is the "written description of the invention, and of the manner and process of making and using it," 35 U.S.C. § 112 ¶ 1, and it "is the single best guide to the meaning of a disputed term."  *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).  As this Court noted, "there is nothing in the intrinsic record disclosing two reading heads or two image sensors, much less two image sensors being controlled by a software toggle." (Opinion at 2.)

It is black letter law that "[t]he claims are directed to the invention that is described in the specification; *they do not have meaning removed from the context from which they arose*." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1352 (Fed. Cir. 2001) (emphasis added).  As

---

'camera' should not be read in isolation, but rather always in its full context."); *id.* at 22 ("the word 'camera' cannot reasonably be construed outside of the relevant context"); *id.* at 23 ("Other extrinsic evidence documents illustrate that a 'camera' can have multiple lensings and/or multiple sensors."); Opinion at 28 ("Plaintiff equates the 'reading head' to the camera throughout its briefing.").

this Court noted, "every embodiment disclosed in the '950 Patent indicates that 'multi-position' requires the reading head to be physically moveable."  (Opinion at 22; *see id.* at 23 ("The specification contains no other embodiments or indication that the recited 'reading head' is required to be anything but 'physically moveable.'").)  Plaintiff's proposed construction was wholly divorced from the specification from the outset of the case.

At bottom, Plaintiff's claim construction fell well below the "threshold below which a claim construction is so unreasonable that no reasonable litigant could believe it would succeed." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012) (awarding sanctions).

### 3.      Plaintiff's Infringement Position Was Not Plausible

This Court held in its Opinion and Order dismissing Plaintiff' case that "[a] finding of no literal infringement follows directly from the claim construction analysis."  [Dkt. No. 246 at 39.]

Plaintiff's doctrine of equivalents theory was no less frivolous.  As this Court noted, the patentee amended the claims during prosecution to overcome a rejection, and specifically narrowed the claims from "an internal ***adjustable*** reading head for producing an image signal" to "an internal [~~adjustable~~] <u>multi-position and multi-function</u> reading head for producing an image signal <u>when in a first position using a first lensing and for reading for image conversion using a second lensing when in a second position</u>."  (April 26, 2000 Am. at 2.)  As a result "estoppel bars the patentee from relying on the doctrine of equivalents for the accused element."  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1367 (Fed. Cir. 2003).  Here, the prior scope of merely being "adjustable" was far broader than Plaintiff's  heavily limited new language.  Plaintiff's doctrine of equivalents theory, therefore, was unavailable as a matter of law.  (Opinion at 43-45.)

### 4.    Plaintiff's Settlement-Driven Litigation

"[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d at 1350.  Review of the '950 Patent, its file history, and the Dell tablet products shows that Plaintiff did not develop an objectively reasonable theory of infringement before filing the Complaint.  It became clear following Plaintiff's unreasonably low settlement offer that Plaintiff never intended to test its theories of infringement, but rather intended to use the filing of complaints in this Court as leverage to extract nuisance settlements well below the reasonable cost of litigation.  "[T]he appetite for licensing revenue cannot overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith." *Eon-Net*, 653 F.3d at 1328.

This Court's decision in *eDekka* is instructive on this issue.  In that case, as in the present case, the plaintiff was a serial patent litigant responsible for dozens of complaints before this Court. *eDekka*, 2015 WL 9225038 at *1.  After reviewing the low settlement demands, the Court concluded that plaintiff eDekka had "acted with the goal of exploiting the high cost to defend complex litigation to extract nuisance value settlement[s] from defendants." *Id.* at *3 (quoting *Eon-Net*, 653 F.3d at 1326–27).  Here, Plaintiff Iris Connex has engaged in the same tactic: a serial patent litigant established a presence in name-only in the Eastern District, filed complaints against Dell and others, alleged frivolous and unsupportable claims of infringement, and then sought to release Dell for a nominal settlement payment.  "Such tactics contribute significantly to the Court's finding that this case is exceptional." *Id.* at *4.

-13-

### 5.      Awarding Dell its Attorneys' Fees is Appropriate Under Section 285

"Courts will consider a number of factors when determining whether to impose attorneys'

fees such as, 'the closeness of the case, the tactics of counsel, the conduct of the parties, and any

other factors that may contribute to a fair allocation of the burdens of litigation as between

winner and loser.'" *Howlink Global LLC v. Centris Inf. Serv., LLC*, 2015 WL 216773 at *6

(E.D. Tex. Jan. 8, 2015) (quoting *S.C Johnson & Son, Inc. v. Carter-Wallace, Inc.,* 781 F.2d 198,

201 (Fed. Cir. 1986)).

Attorneys' fees are warranted in this case because, simply put, Plaintiff's Complaint

allegations were false and its infringement theories were premised on unsustainable claim

construction arguments that flew in the face of settled law.  The individual fixed cameras in the

Dell tablets are nothing like the rotatable camera described and claimed in the '950 Patent, an

observation confirmed by this Court in rejecting Plaintiff's claim construction.  Furthermore, as

this Court noted, "[n]o reasonable juror could find the accused camera system—the dual fixed

front-facing and rear-facing cameras employing a software toggle—as equivalent to the single

multi-positional camera recited in the claims."  (Opinion at 44.)

### B.      SANCTIONS ARE APPROPRIATE UNDER 28 U.S.C. § 1927 AND THIS COURT'S INHERENT AUTHORITY

Sanctions against Plaintiff's counsel also are warranted pursuant to 28 U.S.C. § 1927 for

vexatiously and unreasonably multiplying the proceedings.  Section 1927 "requires evidence of

bad faith, improper motive, or reckless disregard of the duty owed to the court." *Cambridge

Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007) (quoting *Procter &

Gamble Co. v. Amway Corp.,* 280 F.3d 519, 525 (5th Cir.2002)).  Plaintiff's counsel has

repeatedly worked with Mr. Labbit and his non-practicing entities to extract settlements from

patent litigation.  (Pesce Decl. ¶¶ 9, 12, 15, 18.)  Counsel is familiar with this Court's procedure,

its local patent rules, and the relevant case law surrounding patent infringement litigation. Nevertheless, Plaintiff's counsel filed frivolous complaints with near identical allegations of infringement based on accused tablet products that all operated in essentially the same manner. (Opinion at 40, n.10.) Moreover, when Dell and others continued to point out objective flaws in Plaintiff's case, including the invalidity of the asserted '950 Patent, counsel responded by seeking nuisance-value settlements.

This Court also may award Dell its attorneys' fees under the Court's inherent authority. Plaintiff and its litigation counsel presented claim construction and infringement theories in briefs and argument to this Court that did not meet the straight-face test under existing law. "When bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction, the necessary finding of bad faith may be inferred." *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999). Dell repeatedly warned Plaintiff and its counsel that their theories were frivolous and that the Asserted Patent was invalid. Plaintiff stubbornly refused to withdraw positions no reasonable litigant should have pursued, and now must face sanctions for that conduct.

## V.   CONCLUSION

For the foregoing reasons, Dell respectfully requests that the Court enter an Order finding this case exceptional pursuant to 35 U.S.C. § 285, and award Dell its attorneys' fees and non-taxable costs[4], as well as an Order sanctioning Plaintiff's counsel pursuant to 28 U.S.C. § 1927.

Dated: September 16, 2016                    */s/ Kimball R. Anderson*

Kimball R. Anderson
kanderson@winston.com
Anthony D. Pesce
apesce@winston.com

---

[4] Dell seeks approximately $546,000.00 in attorneys' fees and costs stemming from this litigation. (*See* Pesce Decl. ¶¶ 5-7, filed concurrently herewith.)

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

Howard I. Shin
hshin@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Deron R. Dacus
ddacus@dacusfirm.com
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

*Attorneys for Defendant Dell Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to the local rules of the Eastern District of Texas, Anthony D. Pesce, counsel for

Defendant Dell Inc., conferred with Plaintiff's counsel, Craig Tadlock, on September 15, 2016

regarding **DELL'S MOTION TO FIND THE CASE EXCEPTIONAL AND AWARD**

**FEES**.  Plaintiff's counsel indicated that Plaintiff opposes the motion.


*/s/ Anthony D. Pesce*

Anthony D. Pesce
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
apesce@winston.com

*Attorney for Defendant Dell Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2016, I electronically filed the foregoing **DELL'S MOTION TO FIND THE CASE EXCEPTIONAL AND AWARD FEES** with the Clerk of the Court for the Eastern District of Texas using the CM/ECF System, which will send notification to counsel of record.

*/s/ Kimball R. Anderson*

Kimball R. Anderson
kanderson@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

*Attorney for Defendant Dell Inc.*
