UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IRIS CONNEX, LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>DELL INC.,<br><br>                    Defendant. | Case No. 2:15-cv-01915-JRG |

## DELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR A 45-DAY STAY

**I.**   **INTRODUCTION**

Plaintiff Iris Connex LLC's "Motion For Temporary 45-Day Stay To Permit Iris Connex To Obtain Substitute Counsel" [Dkt. No. 38 (hereinafter, "Stay Motion")] is not well-founded and should be denied. Plaintiff seeks to stay the case because the Tadlock law firm is no longer representing Plaintiff Iris Connex. That premise is mistaken because the Tadlock Firm has not sought leave from this Court to withdraw as counsel for Plaintiff Iris Connex; nor has leave been granted. Unless this Court grants such leave, the Tadlock Firm is counsel of record to Iris Connex and must proceed, without delay, with the ongoing proceedings in this case.

**II.**   **STATUS OF THE CASE**

This Court is well-familiar with the status of this case, having recently summarized it in its October 7, 2016 Order regarding Plaintiff's Suggestion of Bankruptcy. [Dkt. No. 36.] Plaintiff Iris Connex sought to stay the discovery of the real parties-in-interest behind Iris Connex by filing a Chapter 11 Petition with a California Bankruptcy Court. This Court then determined that Plaintiff's Chapter 11 Petition, and any attendant "automatic stay," did not affect

1

this Court's jurisdiction to order post-judgment discovery in this case. [*See* Dkt. No. 36 at 7.] Accordingly, this Court ordered Dell to proceed with the post-judgment discovery described in the Court's Order. (*Id.* at 8.)

Dell is proceeding with that discovery, having noticed for deposition Brian Yates (believed to be the ultimate owner of Iris Connex), Nicolas Labbit (believed to be the Manager of Iris Connex), and Craig Tadlock (counsel for Iris Connex). These depositions are noticed for October 26 and 28, 2016. Dell also has requested documents from these individual deponents in accordance with Rule 45 of the Federal Rules of Civil Procedure.

Plaintiff Iris Connex, unable to stay the Court-ordered discovery by filing a Chapter 11 Petition, now seeks to obtain a stay by terminating the Tadlock Firm as its counsel. As explained below, this delay tactic should not be countenanced.

### III.     ARGUMENT

Local Rule CV-11(a) states: "Attorneys may withdraw from a case only by motion and only under conditions imposed by the court. Change of counsel will not be cause for delay." Local Rule CV-11(a). The necessary import of this Rule is that the Tadlock Firm remains counsel for Iris Connex until the Firm files a motion to withdraw and until this Court grants such a motion. Because neither event has occurred, Iris Connex is represented by the Tadlock Firm and no proper grounds exist for obtaining a stay. Nothing in the Local Rules, or any pertinent judicial authority, allows a party in Iris Connex's position to obtain a stay of proceedings by unilaterally announcing the termination of its counsel.

To the contrary, "[w]hen an attorney agrees to undertake the representation of a client, he is expected to see the work through to completion." *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987). An attorney who requests to withdraw before the case has ended must seek the court's permission and demonstrate good cause. *See Matter of Wynn*, 889 F.2d 644, 646

2

(5th Cir. 1989); *Streetman*, 674 F. Supp. at 234 ("Withdrawal by an attorney before the case has concluded must be by leave of court for good cause shown."). When determining whether good cause exists, federal case law and the ABA Model Rules of Professional Conduct guide the analysis. *See White*, 2010 WL 2473833, at *2 ("Whether good cause exists for an attorney to withdraw is a question of federal law.")

The District Court has considerable discretion to determine if it will grant or deny a motion to withdraw as counsel. *See Matter of Wynn*, 889 F.2d at 646 (citing *Streetman*, 674 F. Supp. at 234). Denials are not uncommon. *See White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (*per curiam*)).

If and when the Tadlock firm seeks to withdraw, this Court remains free to evaluate various factors in addition to the client's desire to change counsel. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (providing examples of the various factors courts consider). One important factor is whether withdrawal will cause a delay of litigation or is an attempt to stall proceedings. *Whiting*, 187 F.3d at 320-21 (citing *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996)). The Local Rules for the Eastern District of Texas confirm that "[c]hange of counsel will not be cause for delay." *See* Local Rule CV-11(c). In this case, withdrawal will inevitably delay the litigation because, as Iris Connex admits, it has no replacement attorney. Moreover, Iris Connex cannot represent itself in federal court *pro se*. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (establishing that it is a centuries-old legal proposition that a corporation can only appear in federal court through its counsel).

IV.   **CONCLUSION**

Iris Connex's only reason for seeking a stay is its sudden lack of counsel. As explained above, however, Iris Connex does not lack counsel. Plaintiff is represented by the Tadlock Firm

3

until this Court says otherwise.  Having no other grounds for seeking a stay, Iris Connex' Stay Motion should be denied.

Dated: October 14, 2016                                          */s/ Kimball R. Anderson*

                                                                                Kimball R. Anderson
kanderson@winston.com
Anthony D. Pesce
apesce@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

Howard I. Shin
hshin@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Deron R. Dacus
ddacus@dacusfirm.com
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

*Attorneys for Defendant Dell Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I electronically filed the foregoing **DELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR A 45-DAY STAY** with the Clerk of the Court for the Eastern District of Texas using the CM/ECF System, which will send notification to counsel of record.

    */s/ Kimball R. Anderson*

    Kimball R. Anderson
    kanderson@winston.com
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, Illinois 60601
    Telephone:  (312) 558-5600
    Facsimile:  (312) 558-5700

    *Attorney for Defendant Dell Inc.*