**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IRIS CONNEX, LLC, <br><br> Plaintiff, <br> v. <br><br> DELL INC., <br><br> Defendant. | Case No. 2:15-cv-1915 |
| **APPLE INC.** | **Case No. 2:15-cv-1911** |
| **ASUS COMPUTER INTERNATIONAL** | **Case No. 2:15-cv-1913** |
| **BLACKBERRY CORPORATION** | **Case No. 2:15-cv-1914** |
| **FUJITSU AMERICA, INC.** | **Case No. 2:15-cv-1916** |
| **HTC AMERICA, INC.** | **Case No. 2:15-cv-1918** |
| **MICROSOFT CORPORATION** | **Case No. 2:15-cv-1922** |
| **SAMSUNG ELECTRONICS AMERICA, INC.** | **Case No. 2:15-cv-1924** |
| **SHARP ELECTRONICS CORPORATION** | **Case No. 2:15-cv-1925** |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.** | **Case No. 2:15-cv-1927** |

**TADLOCK LAW FIRM'S MOTION TO WITHDRAW AS COUNSEL**

Tadlock Law Firm PLLC ("Tadlock Law Firm") hereby files this motion to withdraw as counsel for Plaintiff Iris Connex, LLC ("Iris Connex"), because it no longer represents Iris Connex. In support of this motion, Tadlock Law Firm respectfully shows the Court as follows:[1]

1. From the inception of this lawsuit, Tadlock Law Firm has been counsel for Iris Connex, and the principal of Tadlock Law Firm, Craig Tadlock, has been lead counsel for Iris Connex. In addition, John Harvey, who was working on this matter for Tadlock Law Firm on a contract basis in an "of counsel" type role, has been counsel of record for Iris Connex.[2]

---

[1] This motion is supported by the Declaration of Craig Tadlock, attached hereto.

[2] Tadlock Law Firm asked all defendants to agree to let Mr. Harvey withdraw from these cases. Some defendants agreed, and some have opposed. For those defendants who did not oppose Mr. Harvey's withdrawal, Iris Connex has filed unopposed motions to withdraw him as counsel. *See, e.g.*, Dkt. No. 37

- 1 -

2.      Under the engagement agreement between Tadlock Law Firm and Iris Connex, Tadlock Law Firm did not agree to handle fee-shifting motions against Iris Connex. The scope of the firm's representation of Iris Connex was limited to the enforcement and licensing of Iris Connex's intellectual properties.[3]

3.      Consistent with the engagement agreement, Tadlock Law Firm and Iris Connex have reached a mutual agreement that Tadlock Law Firm no longer represents Iris Connex in any matter, in any capacity.[4] Tadlock Law Firm no longer represents Iris Connex, and Iris Connex no longer employs Tadlock Law Firm.[5]

4.      In addition, on October 6, 2016, Iris Connex filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 2:16-bk-23249. *See* Iris Connex's Suggestion of Bankruptcy, Dkt. No. 34 in Case No. 2:15-cv-1915.

---

in Case No. 2:15-cv-1915. This motion covers Mr. Harvey for the cases in which he has not previously been withdrawn.

In addition, Keith Smiley, formerly an associate attorney at Tadlock Law Firm, was also counsel of record for Iris Connex from the inception of this lawsuit until September 1, 2016, when he became no longer employed by Tadlock Law Firm. Mr. Smiley's withdrawal as counsel of record for Iris Connex was previously granted. *See, e.g.,* Dkt. No. 31 in Case No. 2:15-cv-1915.

[3] The engagement agreement between Iris Connex and Tadlock Law Firm is privileged and confidential. If the Court believes it is necessary or helpful to review this agreement, Iris Connex and Tadlock Law Firm agree to submit it for *in camera* review by the Court.

[4] Likewise, under the engagement letter between Tadlock Law Firm and Iris Connex, Tadlock Law Firm did not agree to handle any appeal or any proceeding before the USPTO, including the *ex parte* reexamination filed by Dell. Iris Connex has filed a motion for an extension of its time to file its opening brief in the Federal Circuit, to permit Iris Connex time to obtain substitute counsel and allow Iris Connex a full and fair opportunity to proceed with its appeal, and Tadlock Law Firm will also file a motion to withdraw from the appeal if necessary.

[5] Also, Tadlock Law Firm does not represent Q Patents, Inc., which Tadlock Law Firm understands holds all of the membership interests in Iris Connex and has also filed a voluntary petition in the Bankruptcy Court, it does not represent Nicolas Labbit individually, and it does not represent Brian Yates individually. It has no authority to speak for Q Patents, Mr. Labbit individually, or Mr. Yates individually.

5.     Tadlock Law Firm's understanding is that once a bankruptcy petition was filed, an order from the Bankruptcy Court is necessary for Tadlock Law Firm to continue to represent Iris Connex in any capacity. No such Bankruptcy Court approval has been sought or obtained.

6.     Craig Tadlock of Tadlock Law Firm has spoken with Brian Yates, in his capacity as authorized representative of Iris Connex, and advised Mr. Yates that Iris Connex may not proceed without counsel under applicable law. Mr. Yates understands this situation. Mr. Yates asked Mr. Tadlock to file a motion for a temporary stay of 45 days to permit Iris Connex to obtain new counsel of its choice, in order to fully and fairly defend itself in this action. That motion was filed on October 14, 2016. *See, e.g.*, Dkt. No. 38 in Case No. 2:15-cv-1915. A reply brief in support of that motion was filed on October 18, 2016. *See* Dkt. No. 42 in Case No. 2:15-cv-1915.

7.     A court may grant an attorney's motion to withdraw from representation of a client if the attorney shows good cause to withdraw, gives reasonable notice to the client, and satisfies the court that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *IntelliGender, LLC v. Soriano*, 2012 WL 1118820 at *1 (E.D. Tex. Apr. 3, 2012) (Gilstrap, J.) (attached as Ex. A) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). This Court has adopted the Texas Disciplinary Rules of Professional Conduct as a guideline governing the obligations and responsibilities of attorneys appearing before this Court. *IntelliGender*, 2012 WL 1118820 at *1 (citing Local Rule AT-2). Texas Disciplinary Rule of Professional Conduct 1.15, entitled Declining or Terminating Representation, applies. Rule 1.15(a) sets forth situations in which a lawyer shall withdraw, and Rule 1.15(b) outlines other specific situations in which good cause would exist for withdrawing from representation of a client. *See IntelliGender*, 2012 WL 1118820 at *1. An attorney seeking to withdraw bears the burden of proving the existence of good cause for withdrawal. *Id.* (citing

*Murphy v. YRC Inc.*, 2011 WL 3902760 at *2 (W.D. Tex. Sept. 6, 2011).  In *IntelliGender*, this Court granted counsel's motion to withdraw, over the clients' objection, even though it left a corporate entity without counsel.  The Court granted the clients 21 days to obtain new counsel under the circumstances of that case, where the clients had knowledge of counsel's intent to withdraw for more than 6 months.  *Id.* at **2-3.

8. At this time, withdrawal of Tadlock Law Firm as counsel is appropriate, and Tadlock Law Firm demonstrates good cause for the withdrawal.

9. First, the withdrawal is required under the relevant ethical rules.  Texas Disciplinary Rule of Professional Conduct 1.15(a) states that, "A lawyer ... shall withdraw, except as stated in paragraph (c),[6] from the representation of a client, if … (3) the lawyer is discharged, with or without good cause.").  *Accord* ABA Model Rule of Professional Conduct 1.16(a) ("Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: … (3) the lawyer is discharged.").

10. Iris Connex never chose Tadlock Law Firm or Craig Tadlock to be its attorney with respect to any claims against Iris Connex, including fee-shifting claims.  The firm never had any contractual obligation to Iris Connex to represent Iris Connex with respect to any claims against Iris Connex, including fee-shifting claims.  Consistent with the engagement agreement, Tadlock Law Firm and Iris Connex mutually agree that Tadlock Law Firm no longer represents Iris Connex in any matter, in any capacity.  Clearly, Tadlock Law Firm, Craig Tadlock and John Harvey are discharged.  They have an ethical obligation to withdraw from representation of Iris Connex.

---

[6] Texas Rule of Disciplinary Conduct 1.15(c) states, When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

11.     In addition Texas Disciplinary Rule of Professional Conduct 1.15(b) provides for additional reasons a lawyer may withdraw from representing a client, several of which apply here in addition to the mandatory withdrawal provisions of Rule 1.15(a): "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; … (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer …; or (7) other good cause for withdrawal exists." *Accord* ABA Model Rule of Professional Conduct 1.16(b).

12.     The conditions of Rule 1.15(b) merely add on to the requirement of withdrawal that is already mandated by Rule 1.15(a); however, they are discussed because they further support the motion to withdraw.  First, withdrawal of Tadlock Law Firm can be accomplished without material adverse interests of the client.  The firm has filed a motion for a temporary 45-day stay of this action to allow Iris Connex to obtain substitute counsel (including obtaining Bankruptcy Court approval), which will permit withdrawal without causing a material adverse effect and in a manner narrowly tailored to have the most minimal impact possible on the proceedings.  Second, Iris Connex has failed to pay the firm's invoices for out of pocket expenses advanced by the firm. Tadlock Law Firm also believes that it has claims against Iris Connex for additional monies, for work performed that was outside the scope of the original fee agreement, including without limitation work in connection for the Federal Circuit appeal that the firm filed at Iris Connex's request.  Third, continued representation would result in an unreasonable financial burden on Tadlock Law Firm and Mr. Tadlock.  Tadlock Law Firm has already expended hundreds of hours on this case and has not received a cent in compensation.  Tadlock Law Firm never agreed to any

obligation to do the work on behalf of Iris Connex that is required at this stage. Bankruptcy Court approval would be required for Tadlock Law Firm to be compensated for any further work. No such approval has been sought or obtained, and it is Tadlock Law Firm's understanding that Iris Connex does not intend to seek such approval. There will be substantial further time required on behalf of Iris Connex in this case, perhaps amounting to hundreds of hours, considering the discovery that has been ordered, plus the briefing on the pending fee-shifting motion, participation in any hearing, and dealing with any other subsequent fee-shifting motions. Tadlock Law Firm and Mr. Tadlock should not be required to provide those services for free. Fourth, Tadlock Law Firm and Mr. Tadlock have obligations to other clients that should not be disrupted by having to provide further services to Iris Connex for free.

13.     Further, under Texas Disciplinary Rule of Professional Conduct 1.15(d), "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred." *Accord* ABA Model Rule 1.16(d).

14.     These conditions have been fulfilled. Tadlock Law Firm has, at the request of Iris Connex, prepared and filed the motion for a temporary 45-day stay in order to permit Iris Connex to obtain new counsel, and it has filed a reply brief on behalf of Iris Connex to rebut the response in opposition filed by Dell. If granted, that motion should reasonably protect Iris Connex's interests. Tadlock Law Firm has tendered a copy of its entire file to Iris Connex. Although Iris Connex has not taken possession of this file yet, Tadlock Law Firm will provide the file at any time, even after withdrawal is granted. Iris Connex has not made any advance payment to Tadlock

Law Firm.  Further, Tadlock Law Firm has notified Iris Connex of the fact that it cannot proceed without counsel and its obligation to promptly obtain new counsel.

15. Tadlock Law Firm's withdrawal should not affect efficient administration of this case.  The firm has filed a motion for a temporary 45-day stay to permit Iris Connex to obtain new counsel, and it has filed a reply brief in support of that motion.  *See* Dkt. Nos. 38 and 42 in Case No. 2:15-cv-1915.  The grounds and facts set forth in those papers are incorporated by reference and show that there is no undue prejudice to any opposing party as a result of a temporary, time-limited stay and that good cause for a temporary stay has otherwise been demonstrated.  The only active proceedings in the case at this time relate to the fee-shifting motion of Dell and the related discovery ordered by the Court, and there is no fixed time deadline for the discovery, and no briefing schedule or hearing date on the pending motion at this time.

16. Tadlock Law Firm understands that this withdrawal does not affect its duty to defend any sanctions motion, and this motion is not made to avoid any such motion or Tadlock Law Firm's duties to the Court.[7]

---

[7] Tadlock Law Firm wishes to respond here to one point raised by the Court's Order of October 7, 2016 (Dkt. No. 36 in Case No. 2:15-cv-1915), related to the Supplemental Corporate Disclosure Statement filed by Iris Connex on October 6, 2016 (Dkt. No. 33 in Case No. 2:15-cv-1915).  Prior to filing these cases, Mr. Tadlock consulted with Iris Connex for information for the original Corporate Disclosure Statement, was told that there was no corporate parent, and filed the original Corporate Disclosure Statement accordingly. In the course of preparing for its bankruptcy filing, Iris Connex learned that its original Corporate Disclosure Statement was incorrect.  Iris Connex provided Mr. Tadlock with this new information, and Tadlock Law Firm promptly filed the Supplemental Corporate Disclosure Statement on behalf of Iris Connex.  Mr. Tadlock has discussed the reason for the incorrect original statement with Iris Connex's authorized representative, and he believes that the mistake was not made in bad faith and was not an attempt to intentionally mislead the Court or any party in any way.  Additional detail would reveal privileged attorney-client communications, which would be provided if Iris Connex chooses to waive the privilege and in any event could be disclosed directly by Iris Connex.  There was absolutely no intent by Tadlock Law Firm to mislead the Court or any party in any way, there was no knowledge by Tadlock Law Firm of the mistake until shortly before the supplemental corrected filing was made, and the mistake was corrected very promptly when it was discovered.

17.     Under these circumstances, Tadlock Law Firm respectfully submits that it has shown good cause for its withdrawal as counsel for Iris Connex, which as noted above is required by the relevant ethical rules.  *See, e.g., IntelliGender*, 2012 WL 1118820; *Purple Leaf, LLC v. Amazon.com, Inc., et al.*, Case No. 6:11-cv-377, Slip Op. (E.D. Tex. Nov. 2, 2011) (attached as Ex. B) (granting motion to withdraw as counsel and staying case for 60 days so that plaintiff may acquire new counsel).

Wherefore, Tadlock Law Firm respectfully requests that the Court grant this motion, enter the proposed order submitted herewith, and grant it such other and further relief to which it is entitled.

Dated: October 18, 2016                             Respectfully submitted,

 /s/ Craig Tadlock
Craig Tadlock
Texas State Bar No. 00791766
John J. Harvey, Jr.
Texas State Bar No. 09179770
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: john@tadlocklawfirm.com

*Counsel of Record for Plaintiff Iris Connex, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have met and conferred with all defendants with respect to this motion. I have communicated with all of the defendants' counsel of record by email and telephone. At this time, defendants Apple, Asus, BlackBerry, Dell, Fujitsu, HTC, and Microsoft are opposed to this motion. Defendants Samsung, Sharp and Toshiba have not taken a position with respect to this motion at this time. With the majority of the defendants, the meet-and-confer discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                          */s/ Craig Tadlock*
                                                          Craig Tadlock

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 18, 2016.

                                                          */s/ Craig Tadlock*
                                                          Craig Tadlock