# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **IRIS CONNEX, LLC,**<br><br>          **Plaintiff,**<br> v.<br><br>**DELL INC.,**<br><br>          **Defendant.** | **Case No. 2:15-cv-1915** |
| **APPLE INC.** | **Case No. 2:15-cv-1911** |
| **ASUS COMPUTER INTERNATIONAL** | **Case No. 2:15-cv-1913** |
| **BLACKBERRY CORPORATION** | **Case No. 2:15-cv-1914** |
| **FUJITSU AMERICA, INC.** | **Case No. 2:15-cv-1916** |
| **HTC AMERICA, INC.** | **Case No. 2:15-cv-1918** |
| **MICROSOFT CORPORATION** | **Case No. 2:15-cv-1922** |
| **SAMSUNG ELECTRONICS AMERICA, INC.** | **Case No. 2:15-cv-1924** |
| **SHARP ELECTRONICS CORPORATION** | **Case No. 2:15-cv-1925** |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.** | **Case No. 2:15-cv-1927** |

## DECLARATION OF CRAIG TADLOCK IN SUPPORT
## OF MOTION TO WITHDRAW AS COUNSEL

1.     My name is Craig Tadlock. I submit this Declaration in support of the Motion to Withdraw as Counsel filed by Tadlock Law Firm PLLC, counsel of record for Plaintiff Iris Connex, LLC ("Iris Connex") in the above-captioned case. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, I could testify competently to the truth of each of the statements herein.

2.     I am the managing member of Tadlock Law Firm PLLC, which has its office in the Eastern District of Texas, at 2701 Dallas Parkway, Suite 360, Plano, Texas 75093. I have been a member in good standing of the State Bar of Texas since 1994, and I have been a member in good standing of the Eastern District of Texas since February 1999. I have been lead outside

counsel for Iris Connex in this case, and I am still counsel of record for Iris Connex in this Court at this time.

3. From the inception of this lawsuit, Tadlock Law Firm has been counsel for Iris Connex, and the principal of Tadlock Law Firm, Craig Tadlock, has been lead counsel for Iris Connex. In addition, John Harvey, who was working on this matter for Tadlock Law Firm on a contract basis in an "of counsel" type role, has been counsel of record for Iris Connex.

4. Under the engagement agreement between Tadlock Law Firm and Iris Connex, Tadlock Law Firm did not agree to handle fee-shifting motions against Iris Connex. The scope of the firm's representation of Iris Connex was limited to the enforcement and licensing of Iris Connex's intellectual properties.

5. Also, under the engagement letter between Tadlock Law Firm and Iris Connex, Tadlock Law Firm did not agree to handle any appeal or any proceeding before the USPTO, including the *ex parte* reexamination filed by Dell.

6. The engagement agreement between Iris Connex and Tadlock Law Firm is privileged and confidential. If the Court believes it is necessary or helpful to review this agreement, Iris Connex and Tadlock Law Firm agree to submit it for *in camera* review by the Court.

7. Tadlock Law Firm does not represent Q Patents, Inc., which Tadlock Law Firm understands holds all of the membership interests in Iris Connex, it does not represent Nicolas Labbit individually, and it does not represent Brian Yates individually. It has no authority to speak for Q Patents, Mr. Labbit individually, or Mr. Yates individually.

8. It is my understanding that on October 6, 2016, Iris Connex filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Case No. 2:16-bk-23249. It is also my understanding that once a bankruptcy petition was filed, an order from the Bankruptcy Court is necessary for Tadlock Law Firm to continue to represent Iris Connex in any capacity. No such Bankruptcy Court approval has been sought or obtained.

9. I have spoken with Brian Yates, in his capacity as authorized representative of Iris Connex, and advised Mr. Yates that Iris Connex may not proceed without counsel under applicable law. I believe that Mr. Yates understands this situation. Mr. Yates asked me to file a motion for a temporary stay of 45 days to permit Iris Connex to obtain new counsel of its choice, in order to fully and fairly defend itself in this action. I filed that motion on October 14, 2016, and I filed a reply brief in support of that motion on October 18, 2016.

10. Iris Connex never chose Tadlock Law Firm, Mr. Harvey, or me to be its attorney with respect to any claims against Iris Connex, including fee-shifting claims. The firm, Mr. Harvey, and I never had any contractual obligation to Iris Connex to represent Iris Connex with respect to any claims against Iris Connex, including fee-shifting claims. Consistent with the engagement agreement, Tadlock Law Firm and Iris Connex mutually agree that Tadlock Law Firm no longer represents Iris Connex in any matter, in any capacity. I believe that under these circumstances Tadlock Law Firm, John Harvey and I are discharged as described in Texas Disciplinary Rule of Professional Conduct 1.15(a) and ABA Model Rule of Professional Conduct 1.16(a). I believe that we have an ethical obligation to withdraw from representation of Iris Connex.

11. Iris Connex has failed to pay the firm's invoices for out of pocket expenses advanced by the firm.

12. I believe that the firm has claims against Iris Connex for additional monies, for work performed that was outside the scope of the original fee agreement, including without limitation work in connection for the Federal Circuit appeal that the firm filed at Iris Connex's request.

13. If the firm is required to continue to work for Iris Connex, it would result in an unreasonable financial burden on Tadlock Law Firm and me. The firm has already expended hundreds of hours on this case and has not received a cent in compensation. The firm never agreed to any obligation to do the work on behalf of Iris Connex that is required at this stage. It is my understanding that Bankruptcy Court approval would be required for Tadlock Law Firm to be compensated for any further work. No such approval has been sought or obtained, and it is my understanding that Iris Connex does not intend to seek such approval. I believe that there will be substantial further time required on behalf of Iris Connex in this case, perhaps amounting to hundreds of hours, considering the discovery that has been ordered, plus the briefing on the pending fee-shifting motion, participation in any hearing, and dealing with any other subsequent fee-shifting motions. The firm and I should not be required to provide those services for free.

14. Also, the firm and I have obligations to other clients that should not be disrupted by having to provide further services to Iris Connex for free.

15. I believe that all conditions of Texas Disciplinary Rule of Professional Conduct 1.15(d) and ABA Model Rule 1.16(d), related to the firm's transition out of the case, have been fulfilled. I have, at the request of Iris Connex, prepared and filed the motion for a temporary 45-day stay in order to permit Iris Connex to obtain new counsel, and I have prepared and filed a reply brief on behalf of Iris Connex to rebut the response in opposition filed by Dell. If granted, that motion should reasonably protect Iris Connex's interests. The firm has tendered a copy of

its entire file to Iris Connex. Although Iris Connex has not taken possession of this file yet, the firm and I will provide the file at any time, even after withdrawal is granted. Iris Connex has not made any advance payment to the firm. Further, I have notified Iris Connex of the fact that it cannot proceed without counsel and its obligation to promptly obtain new counsel.

      16.    I understand that this withdrawal does not affect the duty of the firm and me to defend any sanctions motion, and the motion to withdraw is not made to avoid any such motion or the firm's or my duties to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2016.

                                                             */s/ Craig Tadlock*  
                                                             Craig Tadlock