IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IRIS CONNEX, LLC, | § |
| *Plaintiff*, | § § § |
| v. | § § |
| DELL INC., | §  Case No. 2:15-cv-1915-JRG § |
| *Defendant*. | § § § § |

## ORDER

Before the Court are Plaintiff's Motion to Stay (Dkt. No. 38), Plaintiff's Motion to Withdraw (Dkt. No. 43), and Plaintiff's Emergency Motion for a Protective Order (Dkt. No. 46).

- In the Motion to Stay, Iris Connex, LLC ("Iris Connex") requests a temporary stay of 45 days "to permit Iris Connex to obtain substitute counsel so that it has a full and fair opportunity to defend itself on the merits, and grant it such other and further relief to which it is entitled." (Dkt. No. 37 at 4.)

- In the Motion to Withdraw, the Tadlock Law Firm PLLC ("Tadlock Law Firm") seeks to withdraw as counsel for Iris Connex because it argues that "[t]he scope of the firm's representation of Iris Connex was limited to the enforcement and licensing of Iris Connex's intellectual properties." (Dkt. No. 43 at 2.)

- In the Emergency Motion for a Protective Order, Iris Connex requests that the Court grant a protective order postponing the October 31 and November 1 depositions of Mr. Brian Yates (owner of all of the stock of Iris Connex's parent corporation), Mr. Nicolas Labbit (manager of Iris Connex), and Mr. Craig Tadlock (counsel for Iris Connex). (*See* Dkt. No. 46 at 3.)

The Court is not persuaded that Iris Connex has shown facts that would justify the delay that would be caused by the stay it seeks, nor is the Court persuaded that the Tadlock Firm has shown facts that would justify its unilateral withdrawal from this case. The Tadlock Firm

through Mr. Tadlock filed an appearance, without limitation, as counsel of record for Iris Connex in this action. Iris Connex may seek to substitute counsel in this case, if experienced replacement counsel is prepared to assume responsibility for Iris Connex's cause at the same time that the Tadlock Firm would be released, but barring very unusual circumstances, not otherwise. Further, the Court sees no compelling reason to delay the depositions now set pursuant to this Court's post-judgment discovery order (*see* Dkt. No. 36 at 8).

Accordingly, the Court is of the opinion that Plaintiff's Motion to Stay (Dkt. No. 38), Plaintiff's Motion to Withdraw (Dkt. No. 43), and Plaintiff's Emergency Motion for a Protective Order (Dkt. No. 46) should be and they are each hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of October, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE