**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Iris Connex, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-1915-JRG |
| | § | **SEALED ORDER** |
| Dell, Inc., et al., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**ORDER**

Before the Court is (1) Dell's Notice Regarding Completion of Discovery (Dkt. No. 59); (2) Dell's Motion for Relief From Certain Deponents Confidentiality Designations and all exhibits attached thereto (Dkt. Nos. 60 and 61); and (3) Iris Connex's Motion to Bifurcate and all exhibits attached thereto (Dkt. No. 70). Having reviewed the notice and motions, the Court hereby **LIFTS** the **STAY** previously ordered in this case (*see* Dkt. No. 51).

In light of the Court's review of the matters before it, the Court hereby gives notice that pursuant to Federal Rule of Civil Procedure 11: that (1) Mr. Brian Yates and Mr. Nicolas Labbit shall show cause as to why they should not be sanctioned for litigation misconduct, including but not limited to making material misrepresentations to the Court in order to conceal Iris Connex, LLC's ("Iris Connex") true ownership and (2) Mr. Nicolas Labbit and Mr. Charles Craig Tadlock shall show cause as to why they should not be sanctioned for filing this lawsuit, including but not limited to conducting an inadequate pre-suit investigation. Further, pursuant to Federal Rule of Civil Procedure 19 and the Court's inherent powers, the following entity and persons are hereby **JOINED** as third parties to this case to afford each the opportunity to respond

and contest liability for any sanction or fee award, should the Court deem any sanction or fee award proper:

- Q. Patents, Inc. (35 Hugus Alley; Suite 210; Pasadena, CA 91103);
- Mr. Brian Yates (1717 Sierra Madre Villa Avenue; Pasadena, CA 91107);
- Mr. Nicolas Labbit (211 East Tyler Street, Suite 600-A; Longview, TX 75601);
- Mr. Charles Craig Tadlock (Tadlock Law Firm; 2701 Dallas Parkway, Suite 360; Plano, TX 75093)

The Clerk is instructed to join these parties to the case as third parties. Counsel representing such third parties should promptly make an appearance in this case.

As the Court will explain in a separate order to follow, the Court is not persuaded by the arguments made by Iris Connex in its Motion to Bifurcate (Dkt. No. 70). Accordingly, the Court **ORDERS** that Dell's Motion for Attorney's Fees, in addition to the Rule 11 issues raised by the Court and any prospective fees or sanctions motion from the member defendants, be briefed in the manner described below:

1. Dell shall file a supplemental brief in support of its Motion for Attorney Fees not to exceed **twenty (20)** pages no later than **December 16, 2016.** In addition to any new factual issues not previously discussed in its original motion discovered as a result of the Court ordered discovery, such motion should address the legal issues of: (1) who can be held directly or indirectly liable for fees awarded under Section 285, should this Court deem this case exceptional, based on the facts of this case and relevant legal authorities, *see generally* Daniel Kennedy, *Holding Parent Corporations Liable for Attorneys' Fees Under 35 U.S.C. S 285 of the Patent Statute*, 61 Baylor L. Rev. 999 (2009); (2) whether the Court should apply state law or federal common law to a veil piercing analysis in this case; and (3) whether and to what extent Rule 11 sanctions are warranted against any party before the Court, including the parties joined by this Order.

2. The previous stay having been lifted, the remaining defendants in the member cases may submit a joint brief adopting Dell's Motion for Attorney's Fees not to exceed a total of **fifteen (15) pages**, and to be filed no later than **December 23, 2016.** Such submission should discuss any unique circumstances other than Dell and relevant to the issue of fees.

3. Iris Connex and Q Patents, Inc. shall file a joint responsive brief not to exceed a total of **thirty-five (35)** pages no later than **December 30, 2016**, responding to any issue before the Court relating to fees.

- 3 -

4. Mr. Yates, Mr. Labbit, and Mr. Tadlock may file joint or separate responsive briefs, such briefs not to exceed **ten (10)** pages for each party joining in such brief, and to be filed no later than **December 30, 2016.**

5. All defendants shall file a joint reply brief responding to any of the issues before the Court relating to fees not to exceed at total **fifteen (15)** pages no later than **January 6, 2017 at 1:00 p.m.**

6. Iris Connex and Q Patents, Inc. shall file a joint sur-reply brief not to exceed a total of **fifteen (15)** pages no later than **January 11, 2017 at 11:59 p.m**.

7. Mr. Yates, Mr. Labbit, and Mr. Tadlock may file joint or separate responsive briefs, such briefs not to exceed **seven (7) pages** for each party joining in such brief, to be filed no later than **January 11, 2017 at 11:59 p.m**.

8. The Court will hold a hearing and consider oral arguments on all issues before the Court relating to the parties, their conduct, and fees on **January 12, 2017 at 1:30 p.m.** at the Marshall courthouse**.**

The page limits prescribed above do not include relevant exhibits and attachments.

The Clerk is instructed to file this Order under seal, and the parties are **ORDERED** to file all further briefing relating to fees and sanctions prescribed above under seal. The Court will consider whether and to what extent such filings and this Order should remain under seal when the Court takes up Dell's Motion for Relief From Certain Deponents Confidentiality Designations (Dkt. No. 60).

**So ORDERED and SIGNED this 6th day of December, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE